IN THE CIRCUIT COURT OF NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Bertulfo Cardona,
    Plaintiff(s),

v.                                        Case No.:

Suntrust Mortgage, Inc. & Federal National Mortgage Association
    Defendant(s).
_____/

## COMPLAINT

The Plaintiff, Bertulfo Cardona (hereinafter "DEBTOR") sues Suntrust Mortgage, Inc. & Federal National Mortgage Association (either hereinafter "CREDITOR") and states:

**Background & Factual allegations**

1. Background & Factual allegations commence with the following with any complaint exhibits.

2. This Action is NOT whether a debt is owed or not. This Action is about improper acts committed by Defendant(s) in relation to collecting a Debt, including improper acts in collecting debt AFTER a lawsuit had begun on a debt; hence this claim is NOT a compulsory claim in any other lawsuit. The action relates to collection of debt secured by real property (herein after referred to as the "PROPERTY") with the pertinent note, allonge, mortgage, assignments, letters, and other documents are referenced from the filings in the Court Record of 2012-CA-001363-O : FEDERAL NATIOANL MORTGAGE ASSOCIATION v. CARDONA, BERTULFO et al..

3. The docket of 2012-CA-001363-O, in pertinent part shows:

- About 6-30-2015, Final Judgment was rendered.
- About 7-14-2015, Motion for Rehearing/New Trial and/or Reconsideration is docketed.

- About 9-3-2015, Certificate of Sale was issued.

- About 9-10-2015, Notice of Appeal by Debtor was filed.

- About 9-12-2015, Objection to Sale was filed indicating that Sale should NOT have occurred when a Motion for Rehearing/New Trial is unresolved as the Final Judgment is NON-final until resolution of said motion.

- About 9-30-2015, without hearing, the court issued an ORDER overruling the objection to sale.

- About 12-2-2015, the foreclosure court again without hearing issued Order Denying Defendant Motion For Rehearing, New Trial, and/or Reconsideration.

- About 1-12-2016, Certificate of Title was issued.

- About 1-14-2016, Appellate Mediation was Declined (in part due to Creditor declining indication for Mediation).

- About 4-3-2017, Appeal Mandate was affirmed.

- About 5-3-2017, Creditor filed Motion for Writ of Possession.

- About 5-8-2017, Debtor filed Motion to Stay & Response to Motion for Writ of Possession, Motion to Vacate Certificates of Sale & Title, as well as, NOTICE TO PLAINTIFF/CREDITOR(S) OF IMPROPER FORECLOSURE (explaining well settled Florida law). As of the writing of this complaint, no aforementioned motions have been resolved.

---------------------

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing and to the best of my knowledge, the facts stated wherein are true.

*signature*
BERTUFLO CARDONA

--------------------------------

4. Florida is well settled in the notion that a unresolved timely filed Motion Rehearing/New Trial makes a Final Judgment, NON-FINAL until said motion is resolved. Despite the repeated notices of improper foreclosure sale, Plaintiff has not motioned to vacate certificates of foreclosure sale & title.

5. Plaintiff is over the age of 18 years and is a resident of Orange County Florida. Defendant(s) own property located in Orange County, Florida.

6. **HOMEOWNERS HAVE BEEN IMPROPERLY DEPRIVED OF THEIR DUE PROCESS / RIGHT OF REDEMPTION, ESPECIALLY AS RELATED TO BANKRUPTCY.**

--------------------------------

## COUNT – NEGLIGENCE

7. Plaintiff re-allege and incorporate by reference are above stated Background & Factual allegations.

8. At all material times, each DEFENDANT owed a duty to exercise reasonable care in the foreclosure sale process.

9. At all material times, each DEFENDANT owed a duty to exercise reasonable care in the processing of the foreclosure sales.

*10.* Each DEFENDANT (investor, servicer, principal, OR agent thereof) breached the duty of care by DEVIATING from aforementioned STANDARD INDUSTRY PRACTICE.

*11.* As a direct, foreseeable, and proximate result of each Defendant's negligence, Plaintiff has suffered damages.

*12.* While Plaintiff has suffered statutory and nominal damages, another material damage, as part of the last element of damage in alleging negligence occurs with a CERTIFICATE OF SALE AND subsequent CERTIFICATE OF TITLE.

*13.* As a further direct and proximate result of each DEFENDANT's negligence Plaintiff has incurred damages and will continue to incur additional damages in the future. Damages, include but not limited to: damages emanating from litigation and damages as a result of improper foreclosure sale processing.

*14.* WHEREFORE, PLAINTIFF demands judgment consistent with the remedies requested *infra*.

## COUNT – VIOLATION OF FDCPA

*15.* Plaintiff re-allege and incorporate by reference are above stated Background & Factual allegations.

*16.* Plaintiff alleges the following violations of Federal Debt Collection Practices Act ("FDCPA") in pertinent part.

15 USC § 1692e - False or misleading representations

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 USC § 1692j - Furnishing certain deceptive forms

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 USC § 1692f - Unfair practices - A debt collector **may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing**, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*17.* The Federal Debt Collection Practices Act ("FDCPA")indicates that a loan servicer could be deemed a "debt collector" under the FDCPA where it attempted to both enforce a security interest and collect a debt – *Birster v. American Home Mortgage Servicing, Inc.*, No. 11-13574 (11th Cir. July 18, 2012) (reversing and remanding).

*18.* Any false, deceptive, or misleading representation or means in connection with the collection of any debt, is a violation of the FDCPA. Even, a false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012).

*19.* TILA indicates that creditor and assignee (as defined under 15 USC §§ 1602(g), 1641) may be held vicariously liable for original lender's failure to properly respond to borrower's request for information under 12 C.F.R. § 226.36 – *Cenat v. U.S. Bank, N.A.*, No. 12-80663-CIV (S.D.Fla. March 19, 2013) (denying defendant's motion to dismiss).

*20.* Statutory damages of $1000.00 for each violation is provided by 15 U.S.C. § 1692k(a)(2).

*21.* Reasonable attorney fees and costs are provided by 15 U.S.C. § 1692k(a)(3).

*22.* Plaintiff alleges the instances of non-disclosure or late disclosure by pertinent Creditor(s) are/is a pattern or practice of non-compliance with relevant requirements.

*23.* Plaintiff incorporates the allegations in the counts of negligence, as violations of FDCPA.

*24.* While Plaintiff has as suffered statutory and nominal damages, another material damage, as part of the element of damage in alleging negligence occurs with a CERTIFICATE OF SALE AND subsequent CERTIFICATE OF TITLE, and moreover CREDITOR HAS NOT MADE CORRECTIVE ACTION.

*25.* As a result of each Defendant violation(s), Plaintiff has suffered statutory damages and cost of lawsuit.

*26.* **WHEREFORE, Plaintiff requests judgment for statutory damages, lawsuit costs, and future attorney fees that may be incurred, along with any other and further relief as the court deems just and proper.**

## COUNT – VIOLATION OF FCCPA

*27.*   Plaintiff re-allege and incorporate by reference are above stated Background & Factual allegations.

*28.*   Florida Statute Sections 559.55 - 559.785 may be cited as the "Florida Consumer Collection Practices Act", herein "FCCPA".

*29.*   Florida Statute Section 559.72   states in pertinent part:

Prohibited practices generally.—In collecting consumer debts, no person shall

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

*30.*   Fla.Stat. § 516.31   states in pertinent part:

Consumer protection; certain negotiable instruments restricted; assigns subject to defenses; limitation on deficiency claims; cross collateral.—

(1) SCOPE.—This section applies to every consumer finance loan or other contract authorized by this chapter in which any form of credit is extended to an individual to purchase or obtain goods or services for use primarily for personal, family, or household purposes.
(2) RESTRICTION ON CERTAIN NEGOTIABLE INSTRUMENTS AND INSTALLMENT CONTRACTS.—A holder or assignee of any negotiable instrument or installment contract, other than a currently dated check, which originated from the purchase of certain consumer goods or services is subject to all claims and defenses of the consumer debtor against the seller of those consumer goods or services. A person's liability under this section may not exceed the amount owing to the person when the claim or defense is asserted against the person.

*31.*   Fla.Stat. § 559.715   states:

Assignment of consumer debts.—This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

*32.*   Fla.Stat. § 559.77(2) provides for statutory damages of $1,000.00 for each violation.

*33.*   Plaintiff incorporates the allegations in the counts of negligence.

*34.*   Plaintiff also declares counts of violation of FDCPA as violations of FCCPA.

*35.*   As a result of each Defendant violation(s), Plaintiff has suffered statutory damages and cost of lawsuit.

*36.*   WHEREFORE, Plaintiff demands judgment for statutory damages, lawsuit costs, and future attorney fees that may be incurred, along with any other and further relief as the court deems just and proper.

### COUNT – VIOLATION OF FDUPTA

*37.*   Plaintiff re-allege and incorporate by reference are above stated Background & Factual allegations.

*38.*   The Florida Deceptive and Unfair Trade Practices Act, herein after "FDUPTA", states:

501.202   Purposes; rules of construction.—The provisions of this part shall be construed liberally to promote the following policies: (1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices; (2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. (3) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

501.203 (3)   "Violation of this part" means any violation of this act or the rules adopted under this act and may be based upon any of the following as of July 1, 2006:(a) Any rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. ss. 41 et seq.; (b) The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts;(c) Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

501.204   Unlawful acts and practices.—(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2006.

*39.*   Plaintiff incorporates the allegations in the counts of negligence.

*40.*  Plaintiff also declares counts of violation of FCCPA & FDCPA as violations of FDUPTA.

*41.*  As a result of each Defendant violation(s), Plaintiff has suffered statutory damages and cost of lawsuit.

*42.*  WHEREFORE, Plaintiff demands judgment for statutory damages, lawsuit costs, and future attorney fees that may be incurred, along with any other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

*43.*  Plaintiff demands a trial by jury of all issues so triable.

Respectively submitted:

A.I.M. Law P.A. ---- AIM - PO Box 568163 - Orlando FL 32856

AIM Aty Lim cell 407-925-4858 (no voicemail but text capable)- Direct 407-279-1246 (voicemail capable) – AIM Ph-904-515-2976 - AIM Primary Email: mailclerk.firm@gmail.com

AIM Primary Email: mailclerk.firm@gmail.com - Scheduling: Firm.Assistants@gmail.com

Counsel for Plaintiff

/s/Chris Lim

For the Firm: AIM - Chris Lim - FBN 13006 - chris.lim.law@gmail.com